UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY EUGENE DRAPER,

    Plaintiff,

v.                                                          Case No. 1:18-cv-1157
                                                           Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant,
_____/

**OPINION**

        Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his claim for supplement security income (SSI).

        Plaintiff applied for SSI on January 26, 2015, alleging a disability onset date of January 31, 2013. PageID.125. He identified his disabling conditions as chronic obstructive pulmonary disease (COPD) ("uses oxygen and nebulizer), back problems (two bulging discs, herniated), bone spurs in neck, migraines, past malignant melanoma cancer, enlarged heart, and high blood pressure. PageID.330. Prior to applying for SSI, plaintiff earned a GED and truck driver training, and had past employment as an automotive technician. PageID.132. The administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on November 8, 2017. PageID.125-134. This decision, which was later approved

1

by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.[1]

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

---

[1] The record reflects that plaintiff previously applied for disability insurance benefits (DIB) in July 2011, that an ALJ denied the application, that the Appeals Council denied a request for review, and that "it is therefore final and binding." PageID.125. However, the ALJ did not adopt these findings in plaintiff's current SSI application because "even though the residual functional capacity in the instant decision is similar to that from the prior decision, the undersigned is not required by the Acquiescence Rulings [98-3(6) and 98-4(6)] to adopt the findings from the prior decision." PageID.125.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases." *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d 716, 719 (W.D. Mich. 2007). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation. At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since his application date of January 26, 2015. PageID.127. At the second step, the ALJ found that plaintiff had severe impairments of: hypertension; headaches; cerebral aneurysm; degenerative disc disease of the cervical and lumbar spine, post lumbar spine surgery; COPD; and status-post left shoulder surgery. PageID.127. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. PageID.129.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; can sit up to six hours in an eight-hour workday; can stand for up to six hours in an eight-hour workday; requires an option to alternate to a sitting position for five minutes after every 30 minutes of standing, while staying on task; can walk six hours in an eight-hour workday; can occasionally use foot controls, bilaterally; cannot use hand controls with left hand; can frequently use hand controls with the right hand; can occasionally reach overhead and all other directions with the left upper extremity; can occasionally feel with either hand; can occasionally crouch, kneel, stoop, balance, and climb ramps or stairs; cannot crawl; and can have occasional exposure to environmental irritants (such as dust, fumes, gases, or chemicals).

4

PageID.129. The ALJ also found that plaintiff is unable to perform any past relevant work. PageID.132.

At the fifth step, the ALJ determined that plaintiff could perform a significant number of unskilled jobs at the light exertional level in the national economy. PageID.133-134. Specifically, the ALJ found that plaintiff could perform the requirements of unskilled, light exertional level work in the national economy such as garment sorter (200,000 jobs), information clerk (450,000 jobs), and folder (250,000 jobs). PageID.133. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, since January 26, 2015 (the date the application was filed) through November 8, 2017 (the date of the decision). PageID.134.

### III. DISCUSSION

Plaintiff raises four issues on appeal:

**A. Did the ALJ legally err in failing to find that the plaintiff's degenerative disc disease meets and/or equals the criteria of listing 1.04A because of his error in evaluating plaintiff's symptoms at step 3 of the sequential evaluation process?**

At step three, a claimant bears the burden of demonstrating that he meets or equals a listed impairment. *See Evans v. Secretary of Health & Human Services*, 820 F.2d 161, 164 (6th Cir.1987). In order to be considered disabled under the Listing of Impairments, "a claimant must establish that his condition either is permanent, is expected to result in death, or is expected to last at least 12 months, as well as show that his condition meets or equals one of the listed impairments." *Id*. An impairment satisfies the listing only when it manifests the specific findings described in the medical criteria for that particular impairment. 20 C.F.R. § 416.925(d).

Plaintiff contends that his conditions meet or equal the criteria of Listing 1.04A. Plaintiff's Brief (ECF No. 14, PageID.997-999). The ALJ's evaluation at step three consisted of

one sentence, "[t]he severity of the claimant's physical impairments, considered singly and in combination, does not meet or medically equal the criteria of any impairment listed in 1.02, 1.04, or 3.02." PageID.129.

Here, the ALJ has provided no explanation for why he found that plaintiff's condition did not meet the requirements of Listing 1.04. The Commissioner must provide a statement of evidence and reasons on which the decision is based. *See* 42 U.S.C. § 405(b)(1). While it is unnecessary for the ALJ to address every piece of medical evidence, *see Heston*, 245 F.3d at 534-35, an ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985). In short, there is nothing for this Court to review.[2] Accordingly, this matter will be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should re-evaluate whether plaintiff meets the requirements of Listing 1.04.A and articulate the reasons why plaintiff meets, or does not meet, that listing.

> **B. Did the ALJ err when he found plaintiff's obesity not to be a severe impairment, so he failed to comply with SSR 02-1p in not considering the full impact of plaintiff's obesity on his ability to work?**

The ALJ found that plaintiff's obesity was not a severe impairment:

> The prior decision classified obesity as a severe impairment. Yet the current evidence does not support a finding that his obesity is a severe impairment for the period at issue in the instant decision. According to his testimony, the claimant stands 5 '7" and weighs 180 to 185 pounds.

---

[2] The Court notes that defendant's brief contains a lengthy discussion and analysis of why plaintiff's medical conditions do not meet the requirements of Listing 1.04A. *See* Defendant's Brief (ECF No. 15, PageID.1011-1018). However, the Commissioner's legal brief is not a substitute for an ALJ's decision.

PageID.128. Plaintiff contends that the ALJ should have factored in his obesity because the ALJ in the previous decision had found obesity to be a severe impairment and that "on his alleged date of disability (1/13/2013)" plaintiff "weighed 210 pounds with for a BMI of 31.93." Plaintiff's Brief at PageID.989, 1000. The present case involves an SSI claim for benefits based on plaintiff's application date of January 26, 2015, not his alleged disability onset date of January 13, 2013. *See Casey*, 987 F.2d at 1233. The ALJ correctly used plaintiff's current weight in evaluating his claim. Accordingly, plaintiff's claim of error is denied.

### C. Was the ALJ's credibility finding supported by the evidence of record?

Plaintiff contends that the ALJ used improper boilerplate language to evaluate his credibility, citing *Bjornson v. Astrue*, 671 F.3d 640 (7th Cir. 2012).[3] Plaintiff's Brief at PageID.1002. The term "credibility" is no longer used by the Commissioner in evaluating claims. In SSR 16-3p the agency stated:

> [W]e are eliminating the use of the term "credibility" from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character.

SSR 16-3p, 2016 WL 1119029 at *1-2 (eff. March 16, 2016). Under this policy, "[a]djudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments," and "will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation." *Id*. at *10.

While SSR 16-3p eliminated the use of the term "credibility," the regulatory analysis remains the same. As this Court observed,

---

[3] The Court notes that plaintiff does not provide a citation for this case, referring to it as "*Bjornson v. Michael* (7th Cir., 2012)" and referencing "(pages 9-12)". Plaintiff's Brief at PageID.1002.

7

> The new policy ruling did not and could not change the underlying regulations. The longstanding two-part analysis for evaluating symptoms applies. 20 C.F.R. § 404.1529(a). "An ALJ must first determine 'whether there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms.' If such an impairment exists, the ALJ 'must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities.' " *Morrison v. Commissioner*, 2017 WL 4278378, at *4 (quoting *Rogers v. Commissioner*, 486 F.3d 234, 247 (6th Cir. 2007) ). Relevant factors to be considered in evaluating symptoms are listed in 20 C.F.R. § 404.1529(c)(3). "It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis." *Pratt v. Commissioner*, No. 1:12-cv-1084, 2014 WL 1577525, at *3 (W.D. Mich. Apr. 21, 2014) (collecting cases); *see also Carsten v. Commissioner*, No. 15-14379, 2017 WL 957455, at *4 (E.D. Mich. Feb. 23, 2017).

*Palmer v. Commissioner of Social Security*, No. 1:17-cv-577, 2018 WL 4346819 at *6 (W.D. Mich. Aug. 9, 2018), R&R *adopted* 2018 WL 4334623.

It is well established that evaluation of a claimant's subjective complaints remains peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). While the term "credibility" is no longer used, this Court must still give deference to the ALJ's evaluation of the symptoms under the regulations, and may not disturb that ALJ's evaluation "absent [a] compelling reason." *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) "[A]side from this linguistic clarification, the analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p." *Scobey v. Commissioner of Social Security*, No. 1:17-cv-987, 2018 WL 4658816 at *11 (W.D. Mich. Sept. 28, 2018) (internal quotation marks and brackets omitted).

The ALJ evaluated plaintiff's RFC based upon a two-step process. See 20 C.F.R. § 416.929 and SSR 16-3p. First, the ALJ "determined whether there is an underlying medically determinable physical or mental impairment(s) -- i.e., an impairment(s) that can be shown by medically acceptable clinical or laboratory diagnostic techniques -- that could reasonably be expected to produce the claimant's pain or other symptoms." PageID.129; 20 C.F.R. § 416.929(b).

8

Second, the ALJ evaluated the severity of the symptoms ("the intensity, persistence, and limiting effects") to determine the extent to which they limited plaintiff's functional limitations. PageID.129; 20 C.F.R. § 416.929(c).

The ALJ summarized plaintiff's alleged symptoms as follows:

> The claimant testified he uses oxygen at night because of his COPD. Furthermore, he stated he requires the use of a cane. A back surgery in late 2015 did not help his symptoms. He endorsed using an electric cart when shopping. Functionally, he could stand about five minutes, and could lift a gallon of milk (Hearing Testimony). On a Function Report, he indicated he had difficulty [sic] lifting anything over 10 pounds. He added that bending hurts and he could not stand very long (Ex C4E).

PageID.130.

After describing plaintiff's alleged symptoms, the ALJ stated that the symptoms were not consistent with the evidence in the record[4], and then set out the evidence which supported the RFC. In evaluating plaintiff's alleged symptoms, the ALJ reviewed the medical record with respect to the following conditions: limited range of motion in the left shoulder post-surgery; COPD; hypertension; headaches; degenerative changes in the spine; and alleged mental impairments. PageID.130-132. The ALJ determined that these conditions were not as limiting as plaintiff claimed, and that that the RFC assessment was supported by part of the opinion of state medical consultant Glen Douglass, M.D., the opinion of state agency psychological consultant William Schirado, Ph.D., parts of plaintiff's testimony, the objective radiological findings, and the physical examination findings. PageID.132.

---

[4] "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the above alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. Accordingly, these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." PageID.130.

9

Plaintiff does not address the substance of the ALJ's evaluation. After quoting extensive passages from the *Bjornson* decision regarding the ALJ's use of boilerplate language and portions of SSR 16-3p, plaintiff simply contends that the statements contained in his Function Report[5] are consistent with limitations found by his doctors and his testimony, that he proved his disability, and that he should have been awarded benefits. *See* Plaintiff's Brief at PageID.1002-1004. The Court finds no compelling reason to disturb the ALJ's evaluation of the intensity, persistence, and limiting effects of plaintiff's symptoms on his ability to do basic work activities. Accordingly, this claim is denied.

> **D. Should the Appeals Council have placed plaintiff's after acquired medical records from his treating sources into evidence and remanded the case for further administrative review?**

Plaintiff contends that he should receive a remand pursuant to sentence six of 42 U.S.C. § 405(g) so that the ALJ can review "missing treatment records" which he submitted to the Appeals Council. Plaintiff's Brief at PageID.1004-1006. Plaintiff described the records as follows:

> They consisted of records from Summit Pointe who took over Mr. Draper's mental care after release from commitment and care by The Right Door for Hope/Recovery. The second batch of records are primarily from Min Luo, D.O., Ph.D., a cardiologist who records show continuing treatment for heart and COPD along with additional mental health records.

PageID.1005.

When a plaintiff submits evidence that has not been presented to the ALJ, the Court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711 (6th Cir. 1988). Under sentence-six, "[t]he court . . . may at any time order the

---

[5] Plaintiff submitted the function report dated April 11, 2015, as part of his application for SSI. (PageID.349-356).

additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . ." 42 U.S.C. § 405(g). In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding." *Id*. "The party seeking a remand bears the burden of showing that these two requirements are met." *Hollon ex rel. Hollon v. Commissioner of Social Security*, 447 F.3d 477, 483 (6th Cir. 2006).

"A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). To show good cause a claimant is required to detail the obstacles that prevented him from entering the evidence in a timely manner. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007). "The mere fact that evidence was not in existence at the time of the ALJ's decision does not necessarily satisfy the 'good cause' requirement." *Courter v. Commissioner of Social Security*, 479 Fed. Appx. 713, 725 (6th Cir. 2012). In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711.

Plaintiff does not address the content of the records in any detail. Nor does he address good cause and materiality, stating only generalities such as "the medical records were not provided by treating sources until after the decision had been made" and "[t]he Appeals Council

11

[sic] reason for failing to admit the records that they did not relate to the period at issue and would not effect a change in the decision is erroneous." Plaintiff's Brief at PageID.1005. Plaintiff has failed to demonstrate either good cause or materiality. For these reasons, plaintiff's claim of error is denied.

### IV. CONCLUSION

Accordingly, the Commissioner's decision will be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to re-evaluate whether plaintiff meets the requirements of Listing 1.04.A and articulate the reasons why plaintiff meets, or does not meet, the requirements of that listing. A judgment consistent with this opinion will be issued forthwith.

Dated: March 25, 2020 /s/ Ray Kent
United States Magistrate Judge